# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICHARD FARRIES,

Plaintiff,

v.

MATTHEW CATE, et al.,

Defendants.

_______________________________________/

CASE NO. 1:08-cv-01733-GSA PC

ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM

(Doc. 1)

Plaintiff Richard Farries is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on November 13, 2008 and consented to the jurisdiction of a U.S. magistrate judge on January 9, 2009.

## I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Ibid.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Id. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, plaintiff must set forth the legal and factual basis for his claim.

In screening a complaint, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003), *quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); *see also* Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'"), *quoting* Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."

///

Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997), *quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Plaintiff's Claim - Deliberate Indifference to Serious Medical Needs

### A. Factual background

Plaintiff, who is no longer in prison, was incarcerated at Wasco State Prison ("Wasco") from August 2007 through November 2007. While incarcerated, plaintiff's alleges that his diabetes was improperly tested, the wrong medication was provided, and the medication was not provided on a regular basis. In addition, plaintiff was denied an appropriate mattress, exacerbating the condition of his fused back and knee replacements.

Plaintiff asserts that his improper treatment resulted from defendants' negligence and incompetence. Plaintiff names as defendants the California Department of Corrections and Rehabilitation ("CDCR"); Matthew Cate, secretary of CDCR; Robin Dezember, chief deputy of CDCR Health Care Services; P.L. Vazquez, Wasco's warden; and Andrew Zepp, M.D., a medical doctor at Wasco.

### B. Defendants

#### 1. Supervisory and Administrative Personnel–Cate, Dezember, Vazquez

Defendants Cate, Dezember, Vazquez, and possibly Zepp[1] are administrative or supervisory employees of CDCR. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

For defendants in supervisory positions, a plaintiff must specifically allege a causal link between each defendant and his claimed constitutional violation. *See* Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under § 1983 for supervisory liability, a plaintiff must allege facts indicating that each supervisory defendant either personally participated in the alleged

[1] Because plaintiff identifies Zepp only as a medical doctor at Wasco, the court is unable to determine whether plaintiff sues Zepp as a doctor who directly treated plaintiff, or as an administrator or supervisor in the Wasco medical department, or both.

deprivation of the plaintiff's constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a deprivation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor, 880 F.2d at 1045.

**2. CDCR**

Plaintiff may not sustain an action against CDCR. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991), *cert. denied,* 503 U.S. 938 (1992). *See also* Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. System, 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See* Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor, 880 F.2d at 1045 (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Comm. College Dist., 861 F.2d 198, 201 (9th Cir.), *cert. denied,* 490 U.S. 1081 (1989). Because CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit.

**3. Linking Defendants with Claims.**

In a § 1983 action, a plaintiff must tie each defendant's actions to the specific harms he or she is alleged to have caused to plaintiff. Section 1983 provides:

> Every person who, under color of [state law] . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 plainly requires an actual connection or link between each defendant's actions and the harm allegedly done to the plaintiff. *See* Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the

deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). General allegations based on CDCR's general shortcomings as set forth in the Plata[2] cases are not sufficient to state a claim for the specific harms that plaintiff incurred while a Wasco inmate.

**C. Eighth Amendment Claim – Deliberate Indifference to Serious Medical Needs.**

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057, *quoting* Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi, 391 F.3d at 1057, *quoting* Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (*citation omitted*). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 834. Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

///

///

---

[2] Plaintiff refers to, but does not cite to, Plata v. Schwarzenegger cases from 2001 and 2002. The court has been unable to identify any case of that title from 2001 or 2002 but understands plaintiff to refer to two lines of cases, Plata v. Schwarzenegger and Coleman v. Schwarzenegger, class action suits addressing the provision of medical and mental health care provided in California state prisons.

Plaintiff here alleges negligence and incompetence against defendants whose collective care of plaintiff exacerbated plaintiff's suffering from his diabetes and orthopedic conditions. [3] "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). *See also* Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Toguchi, 391 F.3d at 1057, 1060 (stating that "[d]eliberate indifference is a high legal standard."); Clement v. Gomez, 298 F.3d 898, 904-05 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998); Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.), *amended,* 75 F.3d 448 (9th Cir.), *cert. denied*, 516 U.S. 916 (1997)(en banc); McGuckin, 974 F.2d at 1059; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1998); Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir. 1986), *cert. denied*, 481 U.S. 1069 (1987), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See* Toguchi, 391 F.3d at 1060.

Plaintiff's claims, which sound in medical malpractice, do not state an Eighth Amendment claim for deliberate indifference to serious medical need upon which relief can be granted.

## III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. Because amending the complaint will not cure the deficiency, the court will dismiss this action, with prejudice, for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

Accordingly, based on the foregoing, it is HEREBY ORDERED that plaintiff's complaint is dismissed, with prejudice, for failure to state a claim.

---

[3] Plaintiff does not allege that any defendant directly provided him with medical care.

IT IS SO ORDERED.

**Dated: September 9, 2009**

/s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE